UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

T-MOBILE USA, INC.,                          )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )    No.  4:10CV02244 AGF
                                             )
                                             )
JAMIE D. YOAK, GREGORY FERNANDEZ, )
and MEGA FINANCIAL, INC.,                    )
                                             )
                    Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Jamie Yoak, which the
Court has construed as a motion to quash service and to set aside the Clerk of Court's
entry of default against her.  For the reasons set forth below, Yoak's motion to quash
service shall be denied, but Yoak shall be granted additional time to respond to the
complaint.

## BACKGROUND

T-Mobile alleges in its complaint, that Yoak is engaged in illegal business
practices involving the unauthorized access and/or alteration of T-Mobile's customer
accounts, the use of fraud and harassment to intimidate T-Mobile customers, and the
conversion and transfer (or "porting") of those customers' unique and desirable "vanity"
telephone numbers for purposes of selling or leasing the phone numbers for profit (the
"Porting Scheme"), and that Yoak's conduct caused T-Mobile to suffer substantial

losses and immediate and irreparable injury.

The complaint was filed on December 1, 2010. Proof that Yoak was served on December 17, 2010, in accordance with Missouri law was filed on January 5, 2011. (Doc. #16.) This proof of service consisted of a declaration signed under penalty of perjury by the process server, declaring that at 1:30 p.m. on December 17, 2010, after several attempts by Yoak to evade service, he approached the home where she was residing, observed her through the glass panel on the back door, confirmed her identity by comparing her appearance to a photo he had of her, identified himself to her as a process server, and displayed his badge. Because she could hear him, but refused to open the door, he told her he would leave the complaint and related documents on the porch, which he did.

Upon motion by T-Mobile, the Clerk's Office properly entered default against Yoak on January 18, 2011. On February 22, 2011, T-Mobile filed the present motion for a permanent injunction and final judgment against Yoak. On March 22, 2011, Yoak filed a motion entitled "Motion to Set Aside Any Judgments and to Quash Any Motions Based on Invalid and Fraudulent Service and Fraud Committed on the Court by [T-Mobile's counsel and the process server]." The Court construes this motion as a motion to quash service and to set aside the Clerk of Court's entry of default against her. Yoak challenges the truthfulness of the process server's version of events, and maintains that he could not have seen her in the house from outside.

## **DISCUSSION**

A defendant must have been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure in order to be held accountable for failing to plead or otherwise defend. "The burden lies with the plaintiff to demonstrate sufficient process and service; when process or service is challenged, the plaintiff must make a prima facie showing the court's personal jurisdiction is properly exercised." Adkins v. Option One Mortg. Corp., No. 2009 WL 35181, at *5 (W.D. Mo. 2009). Here, T-Mobile has made such a showing and Yoak's filings are insufficient to warrant quashing service. See, e.g., IntelliGender, LLC v. Soriano, 2011 WL 903342, at *7 (E.D. Tex. March 15, 2011); Conwill, IV v. Greenberg Traurig, L.L.P., No. 09-4365, 2010 WL 2773239, at *3-4 (E.D. La. July 13, 2010). Furthermore, Yoak has not claimed that the process server did not leave a copy of the complaint on the porch of the house in which she resides, or that she does not have actual notice of T-Mobile's claims against her. To the contrary, Yoak has repeatedly contacted the Clerk's Office and filed letters and requests with the Court suggesting that she did in fact receive notice of the complaint.

Yoak also has presented no legal or factual basis to set aside the entry of default against her. Rule 55(c) of the Federal Rules of Civil Procedure provides that, "[t]he court may set aside an entry of default for good cause." When determining whether good cause has been demonstrated, the Court should consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused."

Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998).

A review of the history of this case leads the Court to conclude that the relevant factors weigh against setting aside the entry of default. The Court further concludes that based on the record thus far, T-Mobile appears to be entitled to the Permanent Injunction it requests against Yoak. The further notes that pro se litigants are not excused from complying with court orders or substantive or procedural law. Nevertheless, in light if the policy favoring disposition of cases on the merits, the Court will grant Yoak one last opportunity to avoid the entry of default judgment against her in the form of the Permanent Injunction against her requested by T-Mobile.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Yoak's motion to quash service and set aside the entry of default is **DENIED** with respect to the motion to quash service. [Docs. #44, 62, 63]

**IT IS FURTHER ORDERED** that Defendant Yoak shall have up to and including **April 15, 2011**, to answer or otherwise respond to the complaint, in accordance with the Federal Rules of Civil Procedure. Upon such a filing, the Court will set aside the entry of default. **Failure to file such a pleading shall result in the entry of the Permanent Injunction and Final Judgment against Defendant Yoak as requested by**

**Plaintiff**.

_**Audrey G. Fleissig**_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2011