UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T-MOBILE USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:10CV02244 AGF |
| v. | ) |
| | ) |
| | ) |
| JAMIE D. YOAK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff T-Mobile, USA, Inc., to dismiss Defendant Jamie Yoak's counterclaims for failure to state claims. For the reasons set forth below, T-Mobile's motion shall be granted.

## BACKGROUND

T-Mobile claims that Yoak is illegally accessing and altering T-Mobile's customer accounts, using fraud and harassment to intimidate T-Mobile's customers and to defraud T-Mobile, and converting and transferring (or "porting") T-Mobile customers' unique and desirable "vanity" telephone numbers for purposes of selling or leasing the numbers for profit. Yoak filed a three-count counterclaim asserting claims of intentional infliction of emotional distress (Count I), "outrage" (Count II), and slander (Count III). Yoak alleges that T-Mobile intentionally caused her emotional distress by engaging in "systematic, ruthless, threatening, harassing, and smear tactic telephone calls," accusing her of

misconduct in stealing and porting the vanity phone numbers.  She alleges that T-Mobile changed her voice mail settings, tapped her phone, diverted phone calls, and accessed her credit report without authorization.  In the count for slander, Yoak alleges that T-Mobile told "others" that Yoak was a convicted felon.  Yoak alleges that as a result of T-Mobile's conduct she suffered emotional harm, physical pain, and aggravation of pre-existing health problems, such as a sleep disorder, and damage to her reputation.  In all three counts, Yoak requests actual and punitive damages, as well as attorney's fees.

T-Mobile argues that Counts I and II of the counterclaim should be dismissed for failure to state a claim because Yoak fails to allege sufficient factual support for a claim of intentional infliction of emotional distress, fails to allege any "outrageous" conduct, fails adequately to allege bodily injury, and fails to allege that T-Mobile's supposed conduct was motivated solely by the desire to cause Yoak emotional distress.   T-Mobile argues that Count III should be dismissed because Yoak fails to allege what actual statement was made, in what context it was made, to and by whom it was made, and how the statement actually injured her.  Yoak has not responded to the motion to dismiss.

## DISCUSSION

While a plaintiff does not have to "set out *in detail* the facts upon which he bases his claim," Fed. R. Civ. P. 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 n.3 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 557).

To state a claim for intentional infliction of emotional distress, Missouri courts require factual allegations demonstrating that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; and (3) the conduct caused severe emotional distress resulting in bodily harm. *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 322 (Mo. Ct. App. 2010). The conduct must be so outrageous in character and so extreme in degree that it is beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community. *Id.*; *Thomas v. Special Olympics Mo., Inc.*, 31 S.W.3d 442, 446 (Mo. Ct. App. 2000). The conduct must be more than malicious and intentional; liability does not extend to mere insults, indignities, threats, annoyances, or oppressions. *St. Anthony's Med. Ctr.* v. *H.S.H.*, 974 S.W.2d 606, 611 (Mo. Ct. App. 1998).

Under Missouri law, a properly pled slander claim requires factual allegations showing: (1) publication; (2) of a defamatory statement; (3) that identifies the plaintiff; (4) that is false; (5) that is published with the requisite degree of fault; and that (6) damages the plaintiff's reputation. *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 70 (Mo. 2000).

The Court concludes that even under the liberal pleading standards applicable in federal court, Yoak's counterclaims are subject to dismissal for failure to state a claim. *See, e.g., Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *5 (E.D.

Mo. April 2, 2009) (dismissing intentional infliction of emotional distress claim under Missouri law, because the plaintiff failed to allege that the conduct was intended solely to cause extreme emotional distress); *Bakhtiari v. Beyer*, No. 4:06CV01489 CEJ, 2008 WL 3200820, at *5 (E.D. Mo. Aug. 6, 2008) (dismissing claim for intentional infliction of emotion distress, concluding that a Missouri court would not find that the alleged conduct rose to the extreme and outrageous level required to establish such a claim); *Koch v. Saint Francis Med. Ctr.*, No. 1:02-CV-98 CAS, 2003 WL 1960439 (E.D. Mo. Feb. 14, 2003) (granting motion to dismiss slander claim because the plaintiff did not allege what actual statements were made, to whom they were made, or how the plaintiff was injured); *Thomas v. St. Louis Bd. Educ.*, 933 F. Supp. 817, 822 (E.D. Mo. 1996) (dismissing slander claim under Missouri law where plaintiff did not plead the exact words which were alleged to be defamatory).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss Defendant Jamie Yoak's counterclaims is **GRANTED**. [Doc. #101]

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2011.