UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T-MOBILE USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  4:10CV02244 AGF |
| v. | ) |
| | ) |
| | ) |
| JAMIE D. YOAK, VIRGINIA YOAK, and | ) |
| JAMES YOAK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff T-Mobile USA, Inc., for prejudgment attachment (Doc. No. 157) of a $100,000 certificate of deposit ("CD") and a money market account of approximately $30,000, both held by Regions Bank, Inc., Wentzville, Missouri.  Plaintiff asserts that although the CD and the money market account area in the name of Virginia Yoak, who is the mother of Defendant Jamie Yoak, the funds are actually concealed assets of Jamie Yoak, and that attachment of the funds is necessary to secure satisfaction of judgment in the event Plaintiff prevails in this action and is awarded the money damages it is seeking in the amount of $348,208.98.

## BACKGROUND

The initial complaint, filed on December 1, 2010, alleged that beginning in 2010 Jamie Yoak and two other parties (including Gregory Fernandez) who have since been dismissed from the action, engaged in illegal business practices, including fraudulently "porting" vanity phone numbers of Plaintiff's customers and selling the numbers for a

profit.  On December 16, 2011, Jamie Yoak filed a "Motion for Pro Bono Neutral" in this case, declaring under penalty of perjury that she was financially unable to pay mediation costs.   In an attached financial affidavit, she wrote that her only income was $1,400/month in Social Security disability benefits.  She indicated in check-box format that she had no cash on hand, or money in savings or checking accounts, adding in handwriting, "only the remainder of [Social Security disability benefits]."  She also indicated that she owned no real estate or personal belongings.  (Doc. No. 144.)

On December 28, 2011, Plaintiff filed the present motion for prejudgment attachment.  Along with the motion, Plaintiff filed an affidavit by an analyst in its Risk Assessment and Fraud Operations Department attesting that the amount Plaintiff should recover in this action was at least $348,208.98, that Plaintiff had good cause to believe that Jamie Yoak fraudulently concealed from Plaintiff "her Regions Bank assets," and may transfer these assets if an order of prejudgment attachment was not entered immediately, and had transferred title of her house (to her parents) in order to protect the property from Plaintiff's reach.

On January 18, 2012, counsel representing Virginia Yoak participated in a telephonic conference with the Court, during which February 15, 2012, was set as the date for an evidentiary hearing on Plaintiff's motion for prejudgment attachment.  Thus, Virginia Yoak had actual notice of the motion for prejudgment attachment and of the hearing, although she was not served with a copy of the motion.  Virginia Yoak did not attend the hearing but her attorney was present.  Jamie Yoak and her counsel were

present at the hearing. Jamie Yoak elected not to testify.

At the hearing, Plaintiff presented evidence that most, if not all, of the funds for the purchase of the CD and in the money market account (Account No. xxxxxxx663) in question were deposited by Jamie Yoak, and that most, if not all, of the funds were gained as a result of the illegal conduct by Jamie Yoak alleged in the complaint. Among the funds deposited in the account were funds from Fernandez, who, as noted above, was previously a defendant in this action.[1] It is also undisputed that on November 24, 2010, approximately ten days after T-Mobile served Jamie Yoak with a cease and desist letter, Jamie Yoak transferred title to her home – which she had previously purchased with her own assets – to her parents, for no monetary consideration. By April 2011, the Regions Bank account included approximately $140,000, almost all of which was directly or indirectly from Jamie Yoak. On April 28, 2011, $100,000 was transferred out of the account and used to purchase the CD at issue, in the name of Virginia Yoak. Plaintiff also presented evidence that Virginia Yoak has willfully avoided service of a subpoena to testify.

In her post-hearing brief, Jamie Yoak acknowledges that in April and May 2010, she deposited approximately $71,000 in the Regions Bank money market account in question, but she argues that the account and CD should not be seized because they are in

---

[1] At the hearing, Defendant objected to the admission of the deposition testimony of Mr. Fernandez, on hearsay grounds. There is ample evidence in the record to support that Jamie Yoak was actively avoiding service of process during the time period of Mr. Fernandez's deposition, and had been constructively served. For purposes of this motion, however, the Court has not reviewed or relied on Mr. Fernandez's deposition testimony.

Virginia Yoak's name.  She relies upon statements she made in her deposition dated May 9, 2011, to the effect that her parents used the monthly interest from the CD to live on. Jamie Yoak argues that Virginia Yoak's due process rights would be violated if the motion for prejudgment attachment were granted because Virginia Yoak was not served with a copy of the motion.

On March 13, 2012, the Court granted Plaintiff leave to file an amended complaint that adds Virginia Yoak, as well as James Yoak, who is Jamie Yoak's father, as Defendants and asserts a claim of fraudulent transfer against all three Yoak Defendants. This claim alleges that Jamie Yoak and her parents fraudulently transferred assets of Jamie Yoak, including assets realized from the porting scheme, to conceal them from Plaintiff should Plaintiff obtain a money award in this lawsuit.  For relief, Plaintiff seeks an order declaring the transfers at issue void and allowing Plaintiff to satisfy any judgment it receives against Jamie Yoak by levying execution on the allegedly concealed assets.

## DISCUSSION

Rule 64 of the Federal Rules of Civil Procedure provides for the prejudgment seizure of property to secure satisfaction of a potential judgment, as provided under the law of the state where the court sits.  Missouri Supreme Court Rule 85.02, "Availability of Attachment," provides that "[a]fter the commencement of a civil action a party who presents therein a claim by petition . . . may obtain a writ of attachment upon compliance with this Rule 85."  Rule 85.03 requires an affidavit for a writ of attachment that shall

"[s]tate the nature and amount of the claim," and shall include "facts showing the existence of one or more of the grounds for attachment set forth in Section 521.010 [of Missouri Revised Statutes.]"  Section 521.010, in turn, allows a plaintiff in a civil action to obtain a prejudgment attachment against the property of a defendant in several circumstances, including "[w]here the defendant has fraudulently conveyed or assigned [her] property or effects, so as to hinder or delay [her] creditors."  Section 521.050 mandates the posting of a bond, in an amount double that asserted in the affidavit, as a condition precedent to the issuance of a writ of attachment in all cases, with exceptions not applicable here.  Rule 85.08 sets forth the conditions of the bond.

Attachment provides an "anticipatory method to impound the assets of a defendant to facilitate the collection of a judgment against him." *Am. Refractories Co. v. Combustion Controls*, 70 S.W.3d  660, 663 (Mo. Ct. App. 2002) (citation omitted). "Attachment proceedings in Missouri are special and extraordinary proceedings and the strict compliance with the statutory provisions is virtually essential."  *State ex rel. Froidl v. Tillman*, 662 S.W.2d 907, 909 (Mo. Ct. App. 1983).  "Missouri courts consistently have held . . . that the statutory bond requirement is a mandatory condition to a plaintiff maintaining an action in attachment."  *Id; see also State ex rel. Webster Cnty. v. Hutcherson*, 199 S.W.3d 866, 875 (Mo. Ct. App. 2006).

The Court finds, based upon the testimony at the hearing and the other evidence presented to the Court, that the circumstances of this case meet the above-quoted fraudulent transfer condition of § 521.010.  Plaintiff has satisfied the Court that the funds

at issue held in Virginia Yoak's name belong to Jamie Yoak; that Jamie Yoak concealed these funds in the account and CD in her mother's name in an effort to hide them from Plaintiff; and that attachment is necessary so that the funds not be further concealed to avoid their availability to satisfy a possible judgment in Plaintiff's favor, as Jamie Yoak has represented under penalty of perjury, she has no other funds with which to satisfy a possible judgment in Plaintiff's favor.  Jamie Yoak's reliance now on her deposition is misplaced, as she was present at the hearing and chose not to testify.

The Court further concludes that as Virginia Yoak had actual knowledge of the motion for prejudgment interest and of the hearing, her due process rights to notice and an opportunity to be heard will not be violated by granting the motion.

The affidavit noted above filed by Plaintiff satisfies the state statutory requirement, however, the Court cannot grant the motion for prejudgment attachment absent the statutorily-required bond.  *See Hutcherson*, 199 S.W.3d at 875.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have ten days from the date of this Order to deposit a bond with the Court, as required by Missouri law.  Upon such compliance, the motion for prejudgment attachment shall be granted.  Absent such action, the motion shall be denied.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2012